UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

PINPOINT IT SERVICES LLC　　　　　　*

　　　　　　Plaintiff,　　　　　　　　*

v.　　　　　　　　　　　　　　　　*　　Civil Action No. 2:10CV516

ATLAS IT EXPORT CORP.　　　　　　*

　　　　　　Defendant.　　　　　　　*

## MOTION FOR SANCTIONS

　　　Robert L. Vaughn, Jr., ("Movant") pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby moves this Court for Sanctions against Atlas IT Export Corp, ("Atlas") and its counsel, for the filing of its Motion to Set Aside Default and Change Venue ("Motion to Set Aside") and Opposition to Motion for Sanctions and Renewal of Request for a Hearing Be Set on Motion to Lift the Default in this matter and, in support thereof, states as follows:

　　　1.　　　Atlas is attempting to set aside the default entered herein in favor of the Plaintiff, Pinpoint IT Services, LLC ("Pinpoint") based upon the contention that it "contacted one attorney in Virginia, who agreed to take the case, but who then failed to follow through with the necessary arrangements to file a motion for Jane Becker Whitaker, counsel for ATLAS in Puerto Rico, to appear in this case *pro hac vice* for purposes of seeking a change of venue." Motion to Set Aside ¶ 10.

　　　2.　　　While the undersigned was not specifically named in the Motion to Set Aside, in litigation between the same parties initiated by Atlas in the U.S. District Court in Puerto Rico, Atlas made the same assertions, named the undersigned and attached email correspondence to Movant as an exhibit to the same.

3.     Counsel for Pinpoint thereafter contacted the undersigned and provided him with a copy of both papers. Upon review of the same, it was clear that material misrepresentations were being made to the Court. On the same date the papers were received, Movant sent an email to counsel for Atlas to request the basis for the contention made in said filings. (Exhibit 1)

4.     When no response was forthcoming, on April 29th, Movant telephoned counsel for Atlas, who refused to provide the requested information. Movant followed up that telephone call with a second email which, *inter alia*, demanded that Atlas file papers with both this Court and the Puerto Rican Court correcting the assertions regarding the Movant. (Exhibit 2)

5.     Atlas has never responded to the foregoing email.

6.     Movant thereupon prepared a Declaration pointing out the inaccuracies, which Declaration was incorporated into Pinpoint's Motion for Leave to File Brief in further Support of Plaintiff's Response to Defendant's Motion to Set Aside Default and Change Venue. An additional copy of that Declaration is attached hereto as Exhibit 3.

7.     On May 17th, Atlas filed what it denoted as its Opposition to Motion for Sanctions and Renewal of Request for a Hearing Be Set on Motion to Lift the Default. In those papers, while conceding that the Movant actually had not been retained by Atlas as affirmatively represented in its prior papers, Atlas nonetheless continued to make misrepresentations about the matter. Those misrepresentations are as follows (the paragraph number referring to the corresponding paragraph to the Opposition):

#2. While it is correct that in early November 2010 Ms. Becker and Movant had a discussion about the possibility of Movant's representation of Atlas, no agreement was reached at that time, nor was Movant's firm retained during the call. There was no discussion of Movant serving only as local counsel and/or filing a Motion *pro hac vice* for Ms. Becker as alleged by Atlas in its earlier papers. This is

verified by Ms. Becker's email of November 19th in which Ms. Becker states "*we would like to hire* your firm to see if we can get this lawsuit transferred to Puerto Rico...*" If Movant was already retained, that statement would be redundant; obviously filing a Motion to Transfer is not related to a *pro hac vice* motion.

#3. The assertion that there were unreturned phone calls between the initial call in early November and the email of November 19 is simply not true. Movant's office logs every call that is received that is not actually answered/taken by Movant. Not only does Movant have no recollection of a telephone call from Ms. Becker during that time frame, Movant's staff went through the phone logs for the month of November 2010 to verify the same. There were no records of such a call. Moreover, the email of November 19th itself belies that there were no phone calls--there is no mention whatsoever of an effort to call between the first call and that email.

#4. On the same day, November 19, 2010, Movant responded to Ms. Becker's email and requested a copy of the Complaint filed in this matter so he could determine an appropriate retainer to request before undertaking Atlas' representation. The fact that such email must have been received is demonstrated by the fact that on November 30th Ms. Becker claims to have attempted to fax Movant a copy of the Complaint. The Court will note that there is nothing stated on the fax cover sheet--it is simply a transmittal of the Complaint consistent with Movant's prior request.

#5. Movant's fax machine was working properly on November 30th. Movant has reviewed his fax log showing both incoming and outgoing faxes for that day. To the best of Movant's knowledge and belief, San Juan is in the same time zone as Virginia; Movant's office sent out 11 faxes between 1:00 p.m. and 3:00 p.m. and

received 3 faxes between approximately 1:00 p.m. and 3:00 p.m. on November 19th. (Exhibit 4 are the facsimile Activity Reports for sent and received faxes for November 30, 2010 with the phone numbers redacted) There is no reason Movant would not have received a properly sent fax from Ms. Becker. At the very least, one would have expected Ms. Becker to attempt to send it after the initial send purportedly failed. Since Movant never heard further from Ms. Becker, he had no reason to contact her; the Opposition implies Movant had some duty to do.

#7. The most disingenuous aspect of the Opposition. While Atlas may not have mentioned Movant by name in the Virginia proceedings, they had no hesitation to do so in the proceedings in Puerto Rico, including attaching a copy of the email correspondence. Moreover, counsel for Atlas as well as Mr. Pamias had no hesitation in making misleading statements to this Court and the Puerto Rican court to support their position, which statements directly impugned Movant's integrity and professionalism as an attorney.

8. On May 19, 2011, Movant sent a copy of the foregoing Motion for Sanctions to counsel for Atlas and demanded that the subject papers be withdrawn, that it acknowledge to this Court that the claims that Movant was retained by Atlas and failed to act were not true, and reimburse Movant at his regular hourly rate for the time expended in this matter. A copy of Movant's cover letter is attached as Exhibit 5.

9. On Friday, June 3rd, counsel for Atlas sent a response, not only refusing to withdraw its papers, but making additional unsupported assertions against the Movant, including that Movant was working with Pinpoint and had committed a "flagrant violation of the Code of Ethics." Compounding matters, counsel threatened that he would file a motion for sanctions against the

Movant in retaliation if the subject Motion for Sanction was filed by Movant. A copy of said letter is attached as Exhibit 6.

10. On Monday, June 6th, Movant responded reiterating its prior position. [Exhibit 7]

11. The assertions made in the papers filed by Atlas and its counsel, as well as its subsequent conduct, have no evidentiary support. Moreover, while not even identified as having been based upon a reasonably formed belief, the assertions made in the papers could not have been so formed. The papers were clearly interposed for an improper purpose, that is, an attempt to cast aspersions upon the undersigned and fashion an excuse for the failure of Atlas and its counsel to act so as to avoid the default entered against Atlas.

WHEREFORE, Robert L. Vaughn, Jr., prays that Atlas IT Services Corp. be required to forthwith withdraw the Motion to Set Aside Default and Change Venue and Opposition to Motion for Sanctions and Renewal of Request for a Hearing Be Set on Motion to Lift the Default previously filed in this Court, acknowledging its claims that it retained the undersigned who failed to act were not true, that the Movant be awarded the equivalent of his attorney's fees expended herein, and for such other appropriate sanctions as this Court deems just and proper.

**Robert L. Vaughn, Jr.**
Movant

  /s/ Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr., VSB 20633
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
703-689-2100 Telephone
703-471-6496 Facsimile

## Certificate of Counsel

The undersigned, Robert L. Vaughn, Jr., does hereby certify that a copy of the foregoing Motion for Sanctions was sent via facsimile and email this 10th day of June, 2011, to:

Jane Becker Whitaker
Law Offices of Jane Becker Whitaker
P.O. Box 9022914
San Juan, PR 00902-3914
Facsimile No. 787-764-3101
Email: janebeckerwhitaker@yahoo.com
*Counsel for Atlas IT Export Corp.*
*Appearing Pro Hac Vice*

Hector I. Hernandez, Sr.
140 Hughey Court
Fredericksburg, Virginia 22401
Email: hectorines@hotmail.com
*Local Counsel for Atlas IT Export Corp.*

George H. Bowles
Williams Mullen
222 Central Park Avenue, Suite 1700
Virginia Beach, Virginia 23462
Facsimile No. 757-473-0395
Email: gbowles@williamsmullen.com

/s/ Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr.

**From:** rvaughn <rvaughn@oconnorandvaughn.com>

**To:** hectorines@hotmail.com

**Cc:**

**Date:** Wednesday, April 27, 2011 03:50 pm

**Subject:** Pinpoint v. Atlas

**Attachments:**

Mr. Hernandez:

I have been made aware that you have filed a Motion in the case of <u>Pinpoint It Services, LLC</u> v. <u>Atlas IT Export Corp</u>, pending in the U.S. District Court, Eastern District of Virginia, Norfolk Division, in which you make the following assertion:

"Through counsel in Puerto Rico, Mr. Parnias contacted one attorney in Virginia, who agreed to take the case,
  but who failed to follow through with the necessary arrangements to file a motion for Jane Becker Whitaker, counsel
  for ATLAS in Puerto Rico, to appear in this case *pro hac vice* for the purposes of seeking a change of venue."

You further relate that you are relying upon the statement of Mr. Pamias, which is attached to the Motion, as support for the foregoing assertion.  That statement is as follows:

"Initially, my attorney, Ms. Jane Becker, informed me that she had found an attorney in Puerto Rico that could
  assist in defending the Virginia suit, but that attorney failed to answer her phone calls, so she sought a second
  attorney."

The statement of Mr. Pimas does not support the allegation you have made in the Motion. You and I have never spoken, and at no time have I provided you with any information in any form.  Moreover, you never provided me with a copy of your Motion either before or since it was filed.

I respectfully demand that you provide me, forthwith, with the basis for your factual assertion that:

1. I agreed to represent Atlas IT;

2. That I agreed to file a Motion for admission of Ms. Becker pro hac vice;

3. That I agreed to file a Motion for admission of Ms. Becker pro hac vice for purposes of

EXHIBIT

ALL-STATE LEGAL®

1

filing a motion to change venue; and

   4. That I failed to answer Mr. Becker's phone calls.

I also demand that you provide me with copies of any and all documents, inclusive of emails, which you contend relate to this specific issue.

Once I receive this information, I will determine the appropriate course of action. If you fail to respond by 5:00 p.m. tomorrow, I will assume you do not have any information to support your contention and will act accordingly. Rest assured, I take this matter extremely seriously.

**Robert L. Vaughn, Jr.**
**O'CONNOR & VAUGHN, L.L.C.**
**11490 Commerce Park Drive, Suite 510**
**Reston, VA 20191**
**(703) 689-2100**
**(703) 471-6496 (fax)**

## CONFIDENTIAL

*The information contained in this email message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address.*

Pinpoint IT Services, LLC v. Atlas IT Export Corp.

**From:** rvaughn <rvaughn@oconnorandvaughn.com>

**To:** hectorines@hotmail.com
**Cc:**
**Date:** Friday, April 29, 2011 02:10 pm
**Subject:** Pinpoint IT Services, LLC v. Atlas IT Export Corp.
**Attachments:**

Mr. Hernandez:

As related in the email sent a few moments ago, I know of no basis upon which you, on behalf of Atlas IT Export Corp., could have represented to the Court that I had agreed to represent the Corporation and had failed to take action as claimed in the Motion to Set Aside. No effort was made by you to communicate with me or my office before you filed the Motion itself.

I gave you the opportunity on two separate occasions to provide me with information to support your contentions. You ignored the first, and were unable and refused to provide me with any such information when I telephoned you earlier today.

The effect of the contentions in the Motion to Set aside, which are not even supported by the Declaration you attached thereto and conflict with the Opposition filed in the Puerto Rican District Court, is to accuse me of malfeasance, if not malpractice. The fact that such a contention was made in a public document filed with the Court compounds the situation many times over.

I hereby demand that you take the following action immediately:

1. File a statement with the Virginia District Court advising that you were in error; that I never agreed to represent Atlas IT Export Corp. in the pending action, nor did I fail to follow through with the necessary arrangements to file a Motion for Admission of Ms. Becker *pro hac vice*.

2. File the same statement in the proceedings in the District Court of Puerto Rico.

3. Reimburse this office for 3 hours of attorney time at the rate of $295 per hour for the time expended in dealing with this matter.

If the foregoing is accomplished by 5:00 p.m. on Tuesday, May 3rd, and I am not further involved in this case, I will consider the matter closed. Otherwise, I fully intend to take immediate action to protect and defend my reputation which has been impugned by your filing.

*Robert L. Vaughn, Jr.*

**EXHIBIT**

2

ALL-STATE LEGAL®

Pinpoint IT Services, LLC v. Atlas IT Export Corp.

**O'CONNOR & VAUGHN, L.L.C.**
**11490 Commerce Park Drive, Suite 510**
**Reston, VA 20191**
**(703) 689-2100**
**(703) 471-6496 (fax)**

## CONFIDENTIAL

*The information contained in this email message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address.*

## UNSWORN DECLARATION UNDER PENALTY OF
## PERJURY OF ROBERT LEE VAUGHN, ESQUIRE

I, Robert Lee Vaughn, Esquire, state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following facts are true to the best of my knowledge information and belief:

1. My name is Robert Lee Vaughn, and I am an attorney licensed to practice law in the Commonwealth of Virginia and in the United States District Court for the Eastern District of Virginia.

2. In early November 2010, I received a telephone call from Jane Becker Whitaker ("Ms. Becker"), counsel for Atlas IT Export Corp. ("Atlas"). Ms. Becker and I discussed the possibility of my firm's representation of Atlas in this matter. No agreement was reached and my firm was not retained during this call.

3. On November 19, 2010, I received a second communication, this time an e-mail, from Ms. Becker inquiring if Atlas could retain my firm to represent it in this matter. A copy of that email correspondence is attached as Exhibit A.

4. On November 19, 2010, I responded to Ms. Becker's email and requested a copy of the Complaint filed in this matter so I could determine an appropriate retainer to request before undertaking Atlas' representation.

5. Ms. Becker never responded to my request or forwarded a copy of the Complaint as requested, and I never heard further from Ms. Becker or anyone else on Atlas' behalf with regard to representing Atlas in this matter.

6. My firm and I were not retained by Atlas or Ms. Becker, and I was never asked to file any pleadings or motions on their behalf.

7. On April 27, 2011, counsel for Pinpoint IT Services, LLC ("Pinpoint") forwarded a copy of the Motion to Set Aside Default and to Change Venue (the "Motion to Set Aside") filed by Atlas in this matter and a Brief in Opposition (the "Brief in Opposition") filed by Atlas in a parallel proceeding Atlas is litigating against Pinpoint in the United States District Court for the District of Puerto Rico.

8. Counsel for Pinpoint directed me to review certain assertions in those pleadings (paragraph 10 of the Motion to Set Aside and footnote 2 of the Brief in Opposition) regarding Atlas' efforts to retain a Virginia attorney and to comment on the accuracy of those assertions.

9. Paragraph 10 of the Motion to Set Aside states that (1) a Virginia lawyer agreed to represent Atlas in this matter and (2) that that lawyer failed to follow through with that representation.

1

EXHIBIT

3

ALL-STATE LEGAL®

10. Footnote 2 of the Brief in Opposition identifies that Virginia lawyer as me.

11. Paragraph 10 of the Motion to Set Aside is incorrect. I never agreed to represent Atlas in this matter, was never asked to file any pleadings on Atlas' behalf, nor was my firm ever retained to do so.

12. On April 27, 2011, I emailed Hector Ines Hernandez ("Mr. Hernandez"), Atlas' local counsel in this matter, to determine what facts formed the basis for Atlas' representations made to Court in Paragraph 10 of the Motion to Set Aside. A copy of that email is attached as Exhibit B. I never received a response to the email I directed to Mr. Hernandez.

13. On April 29, 2011, I called Mr. Hernandez to inquire about the basis for Atlas' representations made to the Court in Paragraph 10 of the Motion to Set Aside. Mr. Hernandez stated that the Motion to Set Aside had been drafted by Ms. Becker and was based on Ms. Becker's knowledge alone. Mr. Hernandez declined to comment further.

14. On April 29, 2011, I emailed Mr. Hernandez a second time to advise that the representations made to the Court in Paragraph 10 of the Motion to Set Aside were false, and to demand Mr. Hernandez file a statement with the Court correcting Atlas' erroneous filing. A copy of that email is attached as Exhibit C.

15. Mr. Hernandez, to the best of my knowledge, never corrected those misrepresentations made to the Court, despite the notice I provided to him concerning the veracity of those representations.

_____
Robert Lee Vaughn

2

## Activity Report — Send

Time         : Dec-02-10  11:52
Tel line     : 703-471-6496
Name         : O'CONNOR & VAUGHN LLC
Scan count : 5089985  (E3FE3DC1)
Print count : 6888650  (FEEC244A)
Drum count :   76800  (00012C00)

| Nbr. | Job | Date | Time | Duration | pgs | To | Dept. | Account | Mode | Status |
|------|-----|------|------|----------|-----|-----|-------|---------|------|--------|
| 791 | 152 | Nov-24 | 16:01 | | | | | | | |
| 792 | 153 | Nov-24 | 16:40 | | | | | | | |
| 793 | 154 | Nov-24 | 16:49 | | | | | | | |
| 794 | 155 | Nov-24 | 16:51 | | | | | | | |
| 795 | 156 | Nov-24 | 16:53 | | | | | | | |
| 796 | 160 | Nov-29 | 10:58 | | | | | | | |
| 797 | 165 | Nov-29 | 18:08 | | | | | | | |
| 798 | 166 | Nov-29 | 18:09 | | | | | | | |
| 799 | 167 | Nov-29 | 18:10 | | | | | | | |
| 800 | 168 | Nov-29 | 18:11 | | | | | | | |
| 801 | 171 | Nov-30 | 13:51 | 00/28 | 01 | 12025300402 | | | EC 502 | OK |
| 802 | 172 | Nov-30 | 13:52 | 00/30 | 01 | 7038218994 | | | EC 503 | OK |
| 803 | 173 | Nov-30 | 13:53 | 00/31 | 01 | 7035061140 | | | EC 503 | OK |
| 804 | 174 | Nov-30 | 14:09 | 09/01 | 46 | 7033521301 | | | EC 503 | OK |
| 805 | 175 | Nov-30 | 14:19 | 06/00 | 29 | 7034256300 | | | EC 503 | NG D0 |
| 806 | 176 | Nov-30 | 14:25 | 10/57 | 46 | 7033401450 | | | EC 502 | OK |
| 806 | 179 | Nov-30 | 14:25 | 00/40 | 01 | 7033401450 | | | EC 502 | OK |
| 807 | 175 | Nov-30 | 14:37 | 03/24 | 14 | 7034256300 | | | EC 503 | NG D0 |
| 808 | 177 | Nov-30 | 14:40 | 00/33 | 01 | 7033521301 | | | EC 503 | OK |
| 809 | 178 | Nov-30 | 14:41 | 00/28 | 01 | 7034256300 | | | EC 503 | OK |
| 809 | 175 | Nov-30 | 14:41 | 00/42 | 03 | 7034256300 | | | EC 503 | OK |
| 810 | 183 | Nov-30 | 15:14 | 00/29 | 01 | 7033401450 | | | EC 502 | OK |
| 811 | 184 | Nov-30 | 15:15 | 00/30 | 01 | 7033521301 | | | EC 503 | OK |
| 812 | 182 | Nov-30 | 15:24 | 01/03 | 00 | 707034256300 | | | | NG B0 |
| 813 | 185 | Nov-30 | 15:28 | 00/28 | 01 | 7034256300 | | | EC 503 | OK |
| 814 | 187 | Nov-30 | 16:54 | 00/32 | 01 | 7038932837 | | | EC 502 | OK |
| 815 | 188 | Nov-30 | 16:55 | 00/30 | 01 | 7035911579 | | | EC 503 | OK |
| 816 | 189 | Nov-30 | 16:56 | 00/32 | 01 | 7032737292 | | | EC 502 | OK |
| 817 | 190 | Nov-30 | 17:36 | 01/26 | 05 | 7035645040 | | | EC 503 | OK |
| 818 | 191 | Nov-30 | 17:42 | 01/30 | 07 | 7035645040 | | | EC 503 | OK |
| 819 | 192 | Nov-30 | 18:06 | 02/46 | 10 | 7032459301 | | | EC 503 | OK |
| 820 | 196 | Dec-01 | 14:28 | | | | | | | |
| 821 | 197 | Dec-01 | 14:40 | | | | | | | |
| 822 | 198 | Dec-01 | 14:41 | | | | | | | |
| 823 | 204 | Dec-01 | 20:34 | | | | | | | |
| 824 | 205 | Dec-02 | 10:02 | | | | | | | |
| 825 | 208 | Dec-02 | 11:23 | | | | | | | |
| 826 | 209 | Dec-02 | 11:24 | | | | | | | |
| 827 | 210 | Dec-02 | 11:31 | | | | | | | |
| 828 | 211 | Dec-02 | 11:52 | | | | | | | 54 |



EXHIBIT
4
ALL-STATE LEGAL®

## Activity Report — Receive

```
Time        : Dec-07-10  10:29
Tel line    : 703-471-6496
Name        : O'CONNOR & VAUGHN LLC
Scan count  : 5090059  (E3FE3E0B)
Print count : 6889000  (FEEC25A8)
Drum count  :   80300  (000139AC)
```

| Nbr. | Job | Date | Time | Duration | pgs | From | Dept. | Account | Mode | Status |
|------|-----|------|------|----------|-----|------|-------|---------|------|--------|
| 921 | 169 | Nov-30 | 10:41 | 00/43 | 02 | 703 | | | EC 503 | OK |
| 922 | 170 | Nov-30 | 12:55 | 00/42 | 02 | 703 | | | EC 503 | OK |
| 923 | 180 | Nov-30 | 14:55 | 00/41 | 01 | | | | G3 500 | OK |
| 924 | 181 | Nov-30 | 15:02 | 00/47 | 03 | 703 | | | EC 503 | OK |
| 925 | 186 | Nov-30 | 16:19 | 00/46 | 02 | 703 | | | EC 503 | OK |
| 926 | 193 | Nov-30 | 18:09 | 02/19 | 08 | 703 | | | EC 513 | OK |
| 927 | 194 | Nov-30 | 18:16 | 01/03 | 02 | 703 | | | EC 513 | OK |
| 928 | 199 | Dec-01 | 14:45 | | | | | | | |
| 929 | 200 | Dec-01 | 14:51 | | | | | | | |
| 930 | 201 | Dec-01 | 15:46 | | | | | | | |
| 931 | 202 | Dec-01 | 16:43 | | | | | | | |
| 932 | 203 | Dec-01 | 17:14 | | | | | | | |
| 933 | 206 | Dec-02 | 10:45 | | | | | | | |
| 934 | 207 | Dec-02 | 10:49 | | | | | | | |
| 935 | 221 | Dec-02 | 13:20 | | | | | | | |
| 936 | 234 | Dec-02 | 14:22 | | | | | | | |
| 937 | 235 | Dec-02 | 15:02 | | | | | | | |
| 938 | 237 | Dec-02 | 16:20 | | | | | | | |
| 939 | 238 | Dec-02 | 16:26 | | | | | | | |
| 940 | 239 | Dec-02 | 17:56 | | | | | | | |
| 941 | 247 | Dec-02 | 19:02 | | | | | | | |
| 942 | 257 | Dec-03 | 11:00 | | | | | | | |
| 943 | 258 | Dec-03 | 11:32 | | | | | | | |
| 944 | 260 | Dec-03 | 12:30 | | | | | | | |
| 945 | 261 | Dec-03 | 14:10 | | | | | | | |
| 946 | 266 | Dec-03 | 15:30 | | | | | | | |
| 947 | 267 | Dec-03 | 16:51 | | | | | | | |
| 948 | 268 | Dec-03 | 17:18 | | | | | | | |
| 949 | 269 | Dec-03 | 18:07 | | | | | | | |
| 950 | 271 | Dec-03 | 18:53 | | | | | | | |
| 951 | 272 | Dec-06 | 11:37 | | | | | | | |
| 952 | 273 | Dec-06 | 12:54 | | | | | | | |
| 953 | 274 | Dec-06 | 13:17 | | | | | | | |
| 954 | 275 | Dec-06 | 13:20 | | | | | | | |
| 955 | 276 | Dec-06 | 13:23 | | | | | | | |
| 956 | 278 | Dec-06 | 15:34 | | | | | | | |
| 957 | 279 | Dec-06 | 16:34 | | | | | | | |
| 958 | 280 | Dec-06 | 16:54 | | | | | | | |
| 959 | 282 | Dec-07 | 10:01 | | | | | | | |
| 960 | 283 | Dec-07 | 10:28 | | | | | | | |

# O'CONNOR & VAUGHN, L.L.C.

ATTORNEYS AT LAW
11490 COMMERCE PARK DRIVE, SUITE 510
RESTON, VIRGINIA 20191
TELEPHONE (703) 689-2100
FACSIMILE (703) 471-6496

BRIAN M. O'CONNOR

ROBERT L. VAUGHN, JR.

May 19, 2011

**VIA FIRST CLASS MAIL**
**and EMAIL TO: hectorines@hotmail.com**

Hector I. Hernandez, Sr., Esq.
140 Hughey Court
Fredericksburg, Virginia 22401

Dear Mr. Hernandez:

Attached/following please find my Motion for Sanctions. Your conduct in filing papers with the Court which are inaccurate, and which I am now convinced were known by you and/or your client to be inaccurate, and which disparage me professionally, cannot and will not be tolerated. I have given you multiple opportunities to correct the record. Instead, you have only compounded the situation.

Unless you withdraw the papers, acknowledge that the claims that I was retained by Atlas but failed to act were not true, and reimburse me for the time expended in this matter at my regular hourly rate within 21 days, I intend to file the Motion with the Court and vigorously pursue the same. I also am attaching my affidavit attesting to the amount of time expended to date.

This request is made in conformance with Rule 11 of the Federal Rules of Civil Procedure.

Sincerely yours,

Robert L. Vaughn, Jr.

RLV:vk

EXHIBIT
5

**From:** Valerie Kaye <vkaye@oconnorandvaughn.com>

**To:** hectorines@hotmail.com

**Cc:**

**Date:** Friday, May 20, 2011 03:19 pm

**Subject:** Pinpoint v. Atlas

**Attachments:** 📎 Pinpoint v. Atlas.docs.pdf (5MB)

Dear Mr. Hernandez:

Please see the attached correspondence and documents from Robert L. Vaughn, Jr.

*Valerie M. Kaye*
*Legal Assistant*
***O'CONNOR & VAUGHN LLC***
*11490 Commerce Park Drive, Suite 510*
*Reston, Virginia 20191*
*(703) 689-2100 Telephone*
*(703) 471-6496 Facsimile*

<u>*CONFIDENTIAL*</u>

*The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address.*

RECEIVED

JUN 6 2011

Law Office of

# HECTOR I. HERNANDEZ, SR.

**140 Hughey Court**
**Fredericksburg, Virginia 22401**
**540-372-9424**
**hectorines@hotmail.com**

June 3, 2011

**VIA FIRST CLASS MAIL AND EMAIL**

Robert L. Vaughn, Jr., Esq.
11490 Commerce Park Drive, Ste. 510
Reston, VA 20191

Dear Mr. Vaughn:

I have received your letter of May 19, 2011 and I must say that it is troubling on several levels.

After careful review of the record and the supporting documentation, it is clear that my client did in fact approach you for legal representation but, for what appears to be a breakdown in communication, you failed to respond with a retainer agreement in time to avoid a default judgment against my client. In an attempt to show just cause for its request to set aside the default judgment my client has raised, as a prime example of the difficulties in arranging for legal representation in an inconvenient forum, the circumstances involving you. Your identity was never mentioned, and my client's intent in raising the issue was a valid intent and a just explanation of the difficulties it encountered. Your name was disclosed at the behest of opposing counsel; my client never exhibited ill-intent in raising this issue, and for this reason as well as numerous other reasons fatal to your argument, your position is untenable.

Furthermore, it now appears that you have joined forces with our opposing counsel in an effort to derail our quest to set aside the default judgment and instead you seek to arm the opposition in a flagrant violation of the Code of Ethics. I hereby demand that you cease your affiliation with, and immediately disclose the terms of your arrangement with, Pinpoint's counsel, including any remuneration and/or pecuniary interests gained or promised to you as a result of your cooperation with same.

Frankly speaking, the only tenable position for you at this time would be to issue a statement informing the Court that my client did in fact approach you to represent its interest but that for



reasons untold, a failure of communication or otherwise, you were never fully engaged and my client suffered a default judgment. For you to now take a stand that is detrimental to my client, and do the bidding for the opposition, amounts to a flagrant violation of Ethics for which you will be called to respond. We would in addition reserve the right to bring action against you since your failure to timely act appears to be the proximate cause of my client's default.

If you file your Motion then I shall be forced to file my own Motion for Sanctions against you, and in addition I will ask that Ethics Counsel for the Virginia State Bar review your activities. Let this serve as your 21 day Rule 11 notice. I fully expect you to change your tune and cease your threats, and more importantly, re-analyze your allegiances.

Regards,

Hector I. Hernandez, Sr.
Attorney at Law

cc:     Ms. Jane Becker

# O'CONNOR & VAUGHN, L.L.C.
### ATTORNEYS AT LAW
11490 COMMERCE PARK DRIVE, SUITE 510
RESTON, VIRGINIA 20191
TELEPHONE (703) 689-2100
FACSIMILE (703) 471-6496

BRIAN M. O'CONNOR

ROBERT L. VAUGHN, JR.

June 6, 2011

**VIA FIRST CLASS MAIL**
**and EMAIL TO: hectorines@hotmail.com**

Hector I. Hernandez, Sr., Esq.
140 Hughey Court
Fredericksburg, Virginia 22401

Dear Mr. Hernandez:

This will acknowledge receipt of your letter dated June 3, 2011.

In your letter, you attempt to suggest that the Motion to Set Aside Default you filed with the Court merely recited that there was a "breakdown in communication" and that I was "never fully engaged" to represent Atlas in the matter. To the contrary, paragraph 10 of your Motion states affirmatively that I "agreed to take the case, but ...then failed to follow through with the necessary arrangements to file a motion for Jane Becker Whitaker...to appear *pro hac vice* for the purpose of seeking a change in venue." The Motion is a clear misrepresentation of the facts, and stands in contrast to your current efforts to recast the same.

Moreover, the assertions made in your letter are fully addressed in my Declaration, which Declaration was previously filed with the Court. Accordingly, the Court has already been made fully aware of the situation. I stand behind that Declaration.

I do not have an arrangement, of any kind, with Pinpoint or its counsel. To suggest such, as you do, only serves to exacerbate your previous transgressions. You then compound that with assertions that I have violated some unidentified "Ethics" and threaten to file a Motion for Sanctions.

I will not be swayed by your unfounded assertions or threats. In fact, it would be my intent to incorporate this latest correspondence into the Motion itself as it further serves to demonstrate the improper actions of you and your client.

By my calculations, the 21 day period prior to the filing the Motion for Sanctions will expire on this Thursday, June 9th. Accordingly, unless this matter is resolved in accordance with my earlier demand, I intend to file the Motion on Friday, June 10th. As of this date and time, the total amount

**EXHIBIT**

**7**

ALL-STATE LEGAL®

of attorney time expended, inclusive of today, is 6.3 hours; at my normal hourly rate of $295 per hour, that translates to $1,858.00.

Sincerely yours,

Robert L. Vaughn, Jr.

RLV:ls

**From:** Laurie J. Salesses <lsalesses@oconnorandvaughn.com>

**To:** hectorines@hotmail.com
**Cc:**

**Date:** Monday, June 06, 2011 02:20 pm
**Subject:** Letter from Mr. Vaughn
**Attachments:** 📎 Ltr.2.Hernandez.6.6.11.pdf (1MB)

Dear Mr. Hernandez:

Please see attached letter from Mr. Vaughn.

Sincerely,

*Laurie J. Salesses, Legal Assistant*
**O'CONNOR & VAUGHN, LLC**
*11490 Commerce Park Drive, Suite 510*
*Reston, Virginia 20191*
*(703) 689-2100 Telephone*
*(703) 471-6496 Fascimile*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

PINPOINT IT SERVICES LLC      \*
       Plaintiff,      \*
       \*
v.      \*    Civil Action No. 2:10CV516
       \*
ATLAS IT EXPORT CORP.      \*
       Defendant.      \*

## ATTORNEY'S FEE AFFIDAVIT

STATE OF VIRGINIA, COUNTY OF FAIRFAX, to-wit:

COMES NOW the undersigned, Robert L. Vaughn, and states as follows:

(1) That he is a member in good standing of the Virginia Bar, and has been such since June 11, 1981; serving one year as a law clerk to the 19th Judicial Circuit Court of Virginia, and since July 1982, maintaining an active litigation practice in Virginia, which practice includes extensive experience in domestic relations matters of all types;

(2) That he is a member in good standing with the Bar of this Court, having been admitted to practice therein on June 29, 1982;

(3) That his regular rate is $295.00 per hour;

(4) That based upon his extensive experience in the practice of law, he can state unequivocally that the hourly rate charged in this matter is reasonable;

(5) That the attached invoice is taken from contemporaneous time records detailing the activities undertaken, and is a true and accurate statement of all time and costs expended in this matter, and that the services represented thereby were reasonably necessary in the context of the subject claims, and reasonable in amount.

_____
Robert L. Vaughn, Jr.

SWORN TO and subscribed before me by the aforesaid Robert L. Vaughn, Jr. this 10th day of June, 2011.

Notary Public, Reg. # _273215_

My Commission Expires: _5/31/2015._

VALERIE M. KAYE
COMMONWEALTH
REGISTRATION NO.
273215
MY COMM. EXPIRES:
05/31/2015
OF VIRGINIA
NOTARY PUBLIC

O'Connor & Vaughn, LLC
11490 Commerce Park Drive
Suite 510
Reston, VA  20191

Invoice submitted to:
Atlas IT Export Corp.

June 10, 2011

In Reference To:   11-021

Professional Services

| | | Rate | Amount |
|---|---|---|---|
| **Time** | | | |
| 4/27/2011 | Telephone call with Attorney Bowles; review Motion to Set Aside and opposition to default; review in-house email; email to Hernandez | 295.00/hr | 442.50 |
| 4/29/2011 | Telephone call with Attorney Hernandez; email to Attorney Bowles and Hernandez | 295.00/hr | 295.00 |
| 5/6/2011 | Telephone call with George Bowles; forward email to Bowles | 295.00/hr | 59.00 |
| 5/9/2011 | Review and revise Declaration | 295.00/hr | 88.50 |
| 5/19/2011 | Review Opposition filed by Atlas; email to Bowles with discrepancies; draft Motion for Sanctions | 295.00/hr | 737.50 |
| 6/6/2011 | Review letter from Hernandez; brief review of file; draft response | 295.00/hr | 236.00 |
| 6/10/2011 | Review correspondence; revise and finalize Motion for Sanctions | 295.00/hr | 147.50 |
| | SUBTOTAL: | [ | 2,006.00] |
| | For professional services rendered | 6.80 | $2,006.00 |
| | For professional services rendered | 6.80 | $2,006.00 |