UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PINPOINT IT SERVICES, L.L.C.,

    Plaintiff,

v.                                     Civil Action No. 2:10cv516

ATLAS IT EXPORT CORP.,

    Defendant.

## MEMORANDUM ORDER

This matter is before the Court on a Motion for Sanctions filed by a non-party to this case, Robert L. Vaughn ("Movant" or "Vaughn"). Vaughn alleges that Defendant, Atlas IT Export Corp. ("Atlas" or "Defendant"), made material misrepresentations to the Court in a Motion to Set Aside Default and to Change Venue that it filed in this case, as well as in documents that it filed in a suit Atlas brought in Puerto Rico. In response, Defendant contends that its counsel "made no misrepresentation, material or otherwise" to the Court. After examining the motion and the associated memoranda, the Court finds that the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The matter is therefore ripe for

decision. For the reasons set forth below, the Court **DENIES** Vaughn's Motion for Sanctions.

## I. FACTUAL & PROCEDURAL HISTORY

A more complete recitation of the facts underlying the case in general was set forth in this Court's earlier Opinion and Order. <u>Pinpoint IT Services, L.L.C. v. Atlas IT Export Corp.</u>, No. 2:10cv516, 2011 U.S. Dist. LEXIS 75622, at *2-7 (E.D. Va. July 13, 2011). Therefore, only those facts that are relevant to the Motion for Sanctions are recounted here.

This Motion for Sanctions comes before the Court in a somewhat unusual procedural posture. Initially, Pinpoint IT Services, L.L.C. ("Pinpoint" or "Plaintiff") filed suit in this Court against Atlas, asserting several counts, the substance of which are irrelevant to the present sanctions motion. Atlas failed to respond within the requisite time period and consequently was found to be in default. In response to this entry of default, Atlas filed a number of documents in this Court, as well as in the district court for the District of Puerto Rico. Vaughn contends that Atlas made statements regarding him in these filings, as well as in private communications between Atlas and Vaughn, that are worthy of sanctions under Rule 11 of the Federal Rules of Civil Procedure.

First, Vaughn highlights statements made by Atlas in a motion it initially filed in response to Plaintiff's motion for

default judgment. In that motion, which was a Motion to Set Aside Default and to Change Venue, Atlas alleged that it had "contacted one attorney in Virginia, who agreed to take the case, but who then failed to follow through with the necessary arrangements to file a motion for Jane Becker Whitaker, counsel for ATLAS in Puerto Rico, to appear in this case *pro hac vice* for purposes of seeking a change of venue." Def.'s Mot. to Set Aside Default and to Change Venue ¶ 10. Although Vaughn was not named in the filing quoted above, he was named in other filings as the attorney contacted by Atlas. Vaughn contends that Atlas' statement was a material misrepresentation to the Court because Vaughn never agreed to represent Atlas, and consequently, Vaughn could not have failed to follow through on any commitments made to Atlas. Ex. 2, Docket No. 28.

Second, Vaughn contends that Atlas has compounded the initial misrepresentation alleged above by making additional misrepresentations, ironically, in its "Opposition to Motion for Sanctions." Docket No. 26.[1] According to Vaughn, Atlas misrepresented to the Court, once again, that Vaughn agreed to take the case, that Vaughn failed to return Atlas' phone calls, and that Atlas faxed documents to Vaughn to which Vaughn did not reply. Mot. for Sanctions ¶ 7.

---

[1] Despite the document's title, it was actually filed prior to Vaughn's motion and is in response to a Motion for Leave to File Supplemental Brief filed by Plaintiff.

3

Third, Vaughn also alleges that Atlas has made unsupported assertions in communications between Vaughn and Atlas. For example, Vaughn contends that in a letter Atlas sent to Vaughn, in response to Vaughn pressing Atlas about its alleged misrepresentations, Atlas accused Vaughn of conspiring with Pinpoint to "derail [Atlas'] quest to set aside the default judgment" by engaging in conduct that is a "flagrant violation of the Code of Ethics." Ex. 6, Docket No. 28. Vaughn contends that Atlas' assertions were "interposed for an improper purpose, that is, an attempt to cast aspersions upon [Vaughn] and fashion an excuse for the failure of Atlas and its counsel to act so as to avoid the default entered against Atlas." Mot. for Sanctions ¶ 11.

Based on these factual underpinnings, on June 10, 2011, Vaughn filed the present Motion for Sanctions. Docket No. 28. In response, Atlas filed a memorandum in opposition, Docket No. 29, which was met with a reply from Vaughn, Docket No. 30. Vaughn's Motion for Sanctions is addressed below.

## II. DISCUSSION

The purpose of Rule 11 of the Federal Rules of Civil Procedure has been recognized as preventing frivolous filings and increasing the efficiency of courts. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., 498 U.S. 533, 553 (1991) ("The main objective of the Rule is not to reward parties who are

victimized by litigation; it is to deter baseless filings and curb abuses."); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to . . . streamline the administration and procedure of the federal courts."). Generally, however, a non-party to a case does not have standing to move for sanctions. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.1 (3d ed. 2004) (collecting cases and establishing that "[a]s a general rule, only parties to an action and certain other participants in the litigation have standing to move for sanctions under Rule 11"); 2 James Wm. Moore et al., Moore's Federal Practice ¶ 55.70 (3d ed. 2011) ("Ordinarily, a non-party may not move for sanctions."). The Advisory Committee Notes accompanying the 1983 amendments to Rule 11 further support the notion that generally only parties have standing to move for Rule 11 sanctions. Fed. R. Civ. P. 11 advisory committee's notes to 1983 amendments (noting that "[a] *party* seeking sanctions should give notice to the court and the offending party" and that courts may impose sanctions on their own "in order to overcome the traditional reluctance of courts to intervene unless requested by one of the *parties*") (emphasis added).

This general rule has also been borne out by federal court decisions that have directly addressed the issue. For example, in New York News, Inc. v. Kheel, 972 F.2d 482 (2d Cir. 1992), a

5

case from the United States Court of Appeals for the Second Circuit, the court held that a non-party generally does not have standing to move for sanctions under Rule 11 of the Federal Rules of Civil Procedure unless a motion to intervene pursuant to Rule 24 is brought by the non-party and is granted by the court.[2] Id. at 488; see also Port Drum Company v. Umphrey, 852 F.2d 148, 149 (5th Cir. 1988) (rejecting the argument that a non-party has a private cause of action from Rule 11 of the Federal Rules of Civil Procedure "to enforce an attorney's professional duties").

While the Court has discussed the general rule above, some courts have held that a non-party has standing to move for sanctions in situations where the non-party is an involuntary participant, such as a witness, or is a pending active participant in the case, such as a named defendant that has not yet been served or joined as a party to the case. For example, in Westmoreland v. CBS, Inc., 770 F.2d 1168 (D.C. Cir. 1985), the court found that baseless contempt proceedings brought against an involuntary participant in the case, a non-party

---

[2] Vaughn has not moved to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. Therefore, the Court will only address Vaughn's standing to move for Rule 11 sanctions and will not decide whether a motion to intervene would have been granted in this case. See Kheel, 972 F.2d at 485-86 (discussing factors to consider in evaluating a Rule 24 motion to intervene and denying such motion on grounds that the non-party had no "significantly protectable interest" within the meaning of Rule 24).

6

witness, could result in sanctions after the witness moved for attorney's fees to be awarded. Id. at 1172-80; see also Nyer v. Winterthur Int'l, 290 F.3d 456, 459-60 (1st Cir. 2002) (finding that non-party had standing to move for Rule 11 sanctions since the plaintiff sought to add the non-party in an amended complaint and it would have to prepare a defense to possible charges brought in the amended complaint); Greenburg v. Sala, 822 F.2d 882, 885 (9th Cir. 1987) (finding that the defendants named in a frivolous complaint had standing to bring Rule 11 sanctions even though they were never served with process and never became parties to the case).

The Second Circuit in Kheel distinguishes non-parties who are involuntary participants or potential active participants in a case, and thus may have standing to move for Rule 11 sanctions, from non-parties who are merely mentioned in a filing or complaint by one of the parties and thus do not have standing to move for Rule 11 sanctions. Kheel, 972 F.2d at 488-89. In Kheel, a non-party mentioned in a complaint as participating in an alleged conspiracy, but not named as a defendant, moved to intervene in the case in order to seek Rule 11 sanctions. Id. at 484-85. The court denied his motion to intervene and ruled that he lacked standing to seek Rule 11 sanctions since the non-party was not an involuntary participant in the case or even named as a potential defendant in the case. Id. at 488-89 (distinguishing

7

the non-party in Westmoreland who was an involuntary participant and the non-party in Greenberg who was named as a defendant but not served from a non-party merely mentioned in a complaint). The court in Kheel also noted that denying a non-party, who was merely mentioned in a complaint, from intervening under Rule 24 or from moving for Rule 11 sanctions would not hinder his ability to protect his legal interest through other avenues, such as a defamation suit under state law. Id. at 486.

This case is analogous to Kheel since Vaughn was merely mentioned in documents filed by Atlas before this Court and the court in Puerto Rico. Vaughn has not been named as a potential defendant in this case, unlike the non-party in Greenberg who was named as a defendant and then not served, nor is Vaughn an involuntary participant in this case like the non-party witness in Westmoreland. Just as the non-party in Kheel did not have standing to move for Rule 11 sanctions merely because his name appeared in the complaint, Vaughn does not have standing to move for Rule 11 sanctions merely because he was mentioned in a memorandum filed by the Defendant with this Court. Vaughn is a non-party that lacks standing to move for Rule 11 sanctions, and deciding that Vaughn has standing to move for Rule 11 sanctions would frustrate the main purpose and aim of Rule 11, which include improving the efficiency of the federal court system. As the court noted in Kheel, Vaughn may pursue other avenues to

protect his professional reputation and to guard against potential damage to the public, such as filing a defamation suit under state law or filing a bar complaint.

### III. CONCLUSION

Due to Vaughn's lack of standing to move for Rule 11 sanctions, this Court **DENIES** Vaughn's Motion for Sanctions. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record and to Vaughn.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 28, 2011