UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PINPOINT IT SERVICES, LLC,

    Plaintiff,

v.                          Civil Action No. 2:10cv516

ATLAS IT EXPORT CORP.,

    Defendant.

## OPINION and ORDER

This matter is before the Court on plaintiff Pinpoint IT Services, LLC's ("Plaintiff's") (1) Motion to Modify Stay, (2) Motion to Strike Defendant's Opposition to Plaintiff's Motion to Modify Stay, (3) Motion Requesting a Ruling regarding Plaintiff's First Motion for Attorney Fees, (4) Motion for Renewal of Motion for Injunctive Relief; and on defendant Atlas IT Export Corp.'s ("Defendant's") (5) Motion for Leave to File Pleading Out of Time and (6) Motion to Strike Plaintiff's Renewed Motion for Injunctive Relief. After examining the Complaint, the motions, and the associated memoranda, the Court finds that the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). These matters are, therefore, ripe for decision and for the reasons set forth below, Plaintiff's Motion to Modify Stay and

Plaintiff's Motion to Strike are **DENIED**; Defendant's Motion for Leave to File Pleading Out of Time is **GRANTED**; Plaintiff's Motion Requesting a Ruling is **GRANTED**; and Plaintiff's Motion for Renewal of its Motion for Injunctive Relief and Defendant's related Motion to Strike are **STAYED**.

## I. Factual and Procedural History

On October 18, 2010, Plaintiff, a Virginia limited liability company, filed a complaint alleging breach of contract by Defendant, a Puerto Rico company. After several summons were issued and Defendant failed to respond, the Clerk of Court issued an Entry of Default against Defendant on December 16, 2010. Docket No. 8. On December 20, 2010, Defendant finally moved to have its attorney, Jane Amy Becker Whitaker ("Becker"), appear pro hac vice on its behalf, which was granted. Defendant then moved to have the Entry of Default set aside,[1] which was also granted on July 13, 2011.

As a result, on July 22, 2011, Plaintiff filed a Motion for Attorneys' Fees against Defendant and Becker and a separate 28 U.S.C. § 1927 Motion for Sanctions against Becker. Docket Nos. 35, 37. In its Motion for Attorneys' Fees, Plaintiff asked the Court to order Defendant to reimburse Plaintiff for alleged

---

[1] Although Defendant conceded that the contract between Plaintiff and Defendant "is silent on Choice of Law and Choice of Forum," Defendant argued that the contract was signed in Puerto Rico and that as a Puerto Rico company without contacts in the Eastern District of Virginia, it "found it extremely onerous to respond to PINPOINT's lawsuit." Therefore, it filed a Motion to Set Aside Default and to Change Venue. Docket No. 15.

2

dilatory actions in failing to file timely response motions and causing Plaintiff to "unnecessarily incur significant attorneys' fees and legal costs." Docket No. 36. In addition, Plaintiff's Motion for Sanctions against Becker alleged that Becker had "vexatiously multipl[ied] the proceedings" by filing a compulsory counterclaim as an independent action in the United States District Court for the District of Puerto Rico ("PR District Court"). Docket No. 35. Defendant then filed memoranda in opposition and on August 25, 2011, Magistrate Judge F. Bradford Stillman conducted a hearing on the motions.

Subsequently, Defendant filed for Bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") and on September 14, 2011, Defendant filed a Suggestion of Bankruptcy in the Eastern District of Virginia. Docket No. 68. As a result, on September 15, 2011, before Magistrate Judge Stillman issued his ruling, a Stay Order was issued by this Court, staying all actions pending in this Court against Defendant. Docket No. 69.

In response, Plaintiff filed a Motion for Relief from Stay in the Bankruptcy Court, seeking confirmation that the stay did not apply to Becker and seeking partial relief from the stay so the Eastern District could proceed to rule on the sanctions motions against Defendant. On November 30, 2011, the Bankruptcy

3

Court confirmed that "[t]he stay . . . only applied to the Debtor, [Defendant], and not [sic] one has asked the Court to extend it to anyone else." Docket No. 74, Ex. A. Additionally, on January 18, 2012, the Bankruptcy Court also granted Plaintiff's request to partially lift the automatic stay "so as to allow the Virginia Court to enter a ruling on Pinpoint's request for sanctions against the Debtor and to allow Pinpoint, if the Virginia Court finds in its favor and enters monetary sanction against the Debtor, to file a proof of claim." U.S. Bankruptcy Court District of Puerto Rico, Docket No. 83, Ex. A.

Pursuant to the Bankruptcy Court's first ruling, on December 8, 2011, Plaintiff filed a Motion to Modify the Stay in this Court to pursue sanctions against Becker alone. Docket No. 73. In response, Defendant filed its Opposition to Plaintiff's Motion to Modify the Stay. Docket No. 75. In its motion, Defendant does not dispute Plaintiff's assertion that the automatic stay does not apply to Becker but only addresses whether the sanctions are warranted. In fact, in its Informative Motion, filed December 1, Defendant agrees that the automatic stay does not shield Becker from the sanctions proceedings against her. Docket No. 72.

Furthermore, Defendant's Opposition was filed on December 23, 2011, one day later than the 14-day deadline to respond. As a result, Plaintiff has filed a Motion to Strike Defendant's

4

Opposition for untimely filing. Docket No. 76. Defendant has responded with a Motion for Leave to File Pleading out of Time and a Memorandum in Opposition to Pinpoint's Motion to Strike, alleging that the delay in filing was due to a password error that could not be fixed until the Clerk's office was open the next morning. Defendant also contends that although the filing was one day late, Plaintiff "suffered no harm by the eight hour delay in filing." Id.

Additionally, following the Bankruptcy Court's January ruling, partially lifting the automatic stay, Plaintiff filed a Motion Requesting a Ruling regarding Pinpoint's First Motion for Attorney Fees, and asks that this Court "proceed to rule on its Motion for Attorneys' Fees against Atlas." Docket No. 82. Plaintiff also requests a hearing on this motion.

Lastly, on March 6, 2012, following Defendant's request filed with the Bankruptcy Court to modify the stay and allow it to proceed with the case filed in the Puerto Rico District Court, Plaintiff has filed a Motion for Renewal of Motion for Injunctive Relief. Docket No. 89. In this motion, Plaintiff renews its original motion, filed on August 12, 2011, and asks this Court to enjoin the proceedings filed in the Puerto Rico District Court. The Bankruptcy Court is set to hear Defendant's motion for modification on April 19, 2012.

## II. Legal Analysis

### A. Modification to Automatic Stay of Proceedings

The automatic stay provision is found in 11 U.S.C. § 362(a) and provides that certain filings for bankruptcy operate automatically to stay "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1). This provision was enacted "to protect the debtor" and ensure that it has "an opportunity to formulate a plan of reorganization." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 998 (4th Cir. 1986).

It appears that this Court does not have authority to modify the stay. Citing 11 U.S.C. § 362(d), the Fourth Circuit has held that the decision to modify or "lift the automatic stay . . . is within the discretion of the bankruptcy judge." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1995). It has further noted,

> The judicial system's need for order and finality requires that orders of courts having jurisdiction to enter them be obeyed until reversed, even if proper grounds exist to challenge them. A challenge for error may be directed to the ordering court or a higher court, as rules provide, but it <u>may not be made collaterally</u> unless it is based on the original court's lack of jurisdiction. These principles are firm and long standing.

Spartan Mills v. Bank of America, 112 F.3d 1251, 1255 (4th Cir. 1997) (citing Celotex Corp. v. Edwards, 514 U.S. 300 (1995))

(emphasis added). Thus, this Court must **DENY** Plaintiff's motion requesting that it modify the stay of the Bankruptcy Court in Puerto Rico.

However, the Bankruptcy Court has already affirmed, and Defendant does not dispute, that the stay does not apply to Becker. Additionally, the Bankruptcy Court has partially lifted the automatic stay to allow this Court to proceed to rule on sanctions against the Defendant. Under Bankruptcy Rule 8002, Defendant may appeal this order "to the district court for the judicial district" where the bankruptcy court sits "within 14 days . . . of the . . . order."[2] Accordingly, although this Court cannot itself modify the stay, the Court does recognize the rulings from the Bankruptcy Court on the modification of the stay and thus the Court will **GRANT** Plaintiff's Motion Requesting a Ruling regarding Plaintiff's First Motion for Attorney's Fees.[3]

Similarly, regarding Plaintiff's Motion for Renewal of Motion for Injunctive Relief, pending still before the Bankruptcy Court is the issue of whether to lift the automatic stay to allow the Defendant to proceed with its action in the Puerto Rico District Court. If the Bankruptcy Court rules that the automatic stay should not be modified to allow Defendant to

---

[2] From the record it appears Defendant has not appealed the Bankruptcy Court's order to the Puerto Rico District Court and that the time for appeal has expired.
[3] A copy of this order will be sent to Magistrate Judge Stillman's chambers, as he is the Judge who heard argument on the original motions in December of 2011 before the automatic stay was issued.

proceed in the Puerto Rico District Court, then Plaintiff's motion before this Court would be unnecessary and duplicative. Thus, this Court **STAYS** Plaintiff's Motion for Renewal of its Motion for Injunctive Relief and Defendant's related Motion to Strike until the Bankruptcy Court issues its ruling on Defendant's request for modification of the stay.

### B. Leave to File out of Time

Local Civil Rule 7(F)(1), as supplemented by Federal Rule of Civil Procedure 6(d), provides that a party has fourteen days in which to electronically file a responsive motion. E.D. Va. Local Civ. R. 7(F)(1); Fed. R. Civ. P. 6(d). Rule 7(I) further expounds that "[a]ny requests for an extension of time relating to motions . . . will be looked upon with disfavor." E.D. Va. Local Civ. R. 7(I).

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b). However, if the request for an extension is made after the time to file has lapsed, the court may only grant an extension "if the party failed to act because of excusable neglect". Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court has characterized "excusable neglect" as an equitable determination. <u>Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). While ignorance,

mistakes, or inadvertence will not suffice, the Court did note that excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392. Relying on this reasoning, a court within this District has defined excusable neglect to "compris[e] both a demonstration of good faith by the moving party and a reasonable basis for noncompliance within the specified time period." Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 US Dist. LEXIS 41054, at *4 (E.D. Va. June 20, 2006) (citing 1 Moore's Federal Practice § 6.06(3)(b)). This is in accordance with the standard expounded by other courts in this district:

> When a party seeks leave to file untimely answers, the test to be applied by the Court is whether permitting the party to answer will aid in the presentation of the merits of the action and whether prejudice will accrue to the propounding party. The rule emphasizes the importance of having each action resolved on its merits . . . .

Ameribanc Sav. Banks, F.S.B. v. Resolution Trust Corp., 858 F. Supp. 576, 581 (E.D. Va. 1994).

Here, Plaintiff has filed a Motion to Strike Defendant's Opposition to Plaintiff's Motion to Modify the Stay because Defendant's filing was one day late. Plaintiff has not alleged to have suffered from merit-based prejudice as a result of this delay in filing. Based on the representations made by Defendant

that the delay was due to a password error which could not be fixed until the following morning, the Court finds there was a good faith effort on the part of Defendant and little prejudicial effect on the Plaintiff. Excusable neglect is not limited to extreme circumstances beyond the control of Defendant, and considering that Defendant's pleading was delayed by only a few hours due to an electronic malfunction and not inadvertence or mistake, the Defendant has met the standard for excusable neglect. Thus, Plaintiff's Motion to Strike Defendant's Opposition is **DENIED** and Defendant's Motion for Leave to File Pleading out of Time is **GRANTED**.

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Modify Stay and Plaintiff's Motion to Strike Defendant's Opposition to the Motion to Modify the Stay are **DENIED**, Defendant's Motion for Leave to File Pleading out of Time is **GRANTED**, Plaintiff's Motion Requesting a Ruling on Pinpoint's Motion for Attorneys' Fees is **GRANTED**, and Plaintiff's Motion for Renewal of Motion for Injunctive Relief and Defendant's Motion to Strike Plaintiff's Motion for Injunctive Relief are **STAYED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**
April 17, 2012
Norfolk, Virginia

/s/ Mark S. Davis
Mark S. Davis
United States District Judge