FILED
SEP 27 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PINPOINT IT SERVICES, LLC,

    Plaintiff,

v.                                        Action No. 2:10cv516

ATLAS IT EXPORT CORP.,

    Defendant.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35) and the Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 37), both filed on July 22, 2011. The two motions were referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and the Standing Order on Assignment of Certain Matters to United States Magistrate Judges (Apr. 1, 2002).[1] For the reasons stated herein, the Court recommends that the Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35) be GRANTED in part and DENIED in

---

[1] These motions were referred to the undersigned on August 9, 2011, as nondispositive pretrial matters under § 636(b)(1)(A). The Fourth Circuit subsequently held in an unrelated case that a ruling on sanctions under certain circumstances is "dispositive of a claim" rather than a nondispositive pretrial matter, and that the magistrate judge in that case should have issued a report and recommendation rather than entering an order deciding the matter directly. See Reddick v. White, 456 Fed. App'x 191, 192-94 (4th Cir. 2011) (unpublished per curiam opinion). Although the circumstances of this case are distinguishable from those involved in Reddick, prudence dictates issuance of a report and recommendation in this case as well, rather than an order deciding the motions directly.

part, and the Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 37) be DENIED.

## I. BACKGROUND

On October 18, 2010, plaintiff Pinpoint IT Services, LLC ("Pinpoint") filed a complaint against defendant Atlas IT Export Corp. ("Atlas") concerning a contract between the two parties for information technology services. ECF No. 1. Pinpoint's lawsuit seeks a declaration of non-liability under the contract, it alleges breach of contract by Atlas and resultant damages to Pinpoint, and it alleges tortious interference with contract and requests an injunction. Id.

A summons and a copy of the complaint were personally served on the president of Atlas in Camuy, Puerto Rico, on November 16, 2010. ECF No. 6. After Atlas failed to timely file responsive pleadings, Pinpoint filed a request for entry of default on December 15, 2010. ECF No. 7. On December 16, 2010, the Clerk entered default against the defendant for failure to respond to the complaint. ECF No. 8.

On December 20, 2010, the defendant first appeared in this action. Hector I. Hernandez, Sr., Esq., a member of the bar of this Court, appeared on behalf of defendant Atlas and moved for the admission pro hac vice of Jane Amy Becker Whitaker, Esq., an attorney admitted to practice before the federal and commonwealth courts of

Puerto Rico. ECF No. 9. The motion was granted the next day. ECF No. 11.

On December 23, 2010, one week after the Clerk's entry of default against defendant Atlas and three days after the defendant's first appearance before this Court, plaintiff Pinpoint filed a motion for default judgment and memorandum in support. ECF Nos. 13-14. On December 25, 2010, Atlas filed a motion to set aside default and to change venue. ECF No. 15. On January 7, 2012, Pinpoint filed its response to Atlas's motion to set aside default and to change venue. ECF No. 16.

On January 18, 2011, defendant Atlas filed a brief in opposition to the motion for default judgment, eleven days after it was due under Local Civil Rule 7(F). ECF No. 17. On January 24, 2011, plaintiff Pinpoint filed a motion to strike the plaintiff's untimely brief in opposition, together with a memorandum in support of the motion to strike. ECF Nos. 18-19. On February 4, 2011, Atlas filed its brief in opposition to the motion to strike. ECF No. 21.

On February 18, 2011, Atlas filed a complaint against Pinpoint in the United States District Court for the District of Puerto Rico. Atlas IT Export Corp. v. Pinpoint IT Servs., LLC, No. 3:11cv1185 (D.P.R. filed Feb. 18, 2011). In its Puerto Rico lawsuit, Atlas sought declaratory judgment and damages from Pinpoint on various contract and tort claims arising from the same contract at issue in this action.

On July 13, 2011, the Court entered an Opinion and Order disposing of these motions on the papers without a hearing. ECF No. 33; Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710 (E.D. Va. 2011). The Court granted Atlas's motion to set aside entry of default, and it granted Pinpoint's motion to strike Atlas's untimely brief in opposition to the motion for default judgment. The Court denied Pinpoint's motion for default judgment and Atlas's motion to change venue. In granting Atlas's motion to set aside entry of default, the Court found that sanctions less drastic than entry of default were available to cure the defendant's failure to respond to the complaint, and the Court specifically invited the plaintiff to move for reimbursement of costs associated with the plaintiff's motion to strike and the plaintiff's response to the defendant's motion to set aside entry of default.

On July 19, 2011, Atlas filed an answer to the complaint and counterclaim against Pinpoint. ECF No. 34. The counterclaim is virtually identical to the complaint filed by Atlas in the Puerto Rico action. The substantive allegations and causes of action appear to be copied word for word from the Puerto Rico complaint.

On July 22, 2011, Pinpoint filed its motion for attorneys' fees and costs, seeking to recover fees and costs from the defendant and its counsel of record related to Pinpoint's motion for default judgment, its response to Atlas's motion to set aside entry

of default, and its motion to strike Atlas's untimely brief in opposition to the motion for default judgment. ECF No. 35. Minutes later, Pinpoint filed its motion for sanctions under 28 U.S.C. § 1927, seeking to recover fees and costs from defense counsel related to Pinpoint's defense of the Puerto Rico action. ECF No. 37. On August 2, 2011, Atlas filed briefs in opposition to both motions. ECF Nos. 40-41. Pinpoint filed reply briefs on August 8, 2011. ECF Nos. 43-44. The Court held a hearing on these motions on August 25, 2011. ECF No. 56 (clerk's minutes); ECF No. 70 (hearing transcript).

On September 1, 2011, Atlas filed a motion styled "Motion Requesting the Court Consider a Line by Line Analysis of the Attorney Fees Request of Pinpoint IT Services, LLC" and memorandum in support, which the Court construes as a motion for leave to file a supplemental brief in opposition to the motions for attorneys' fees and costs and for sanctions under 28 U.S.C. § 1927. ECF Nos. 62-63. The Court has considered this supplemental material, therefore the motion for leave (ECF No. 62) is GRANTED. The supplemental brief does not ask the Court to do anything more than is already required under Robinson v. Equifax Information Services, LLC, 560 F.3d 235 (4th Cir. 2009), which imposes upon the Court an independent obligation to determine the reasonableness of the requested attorneys' fee award, see id. at 243, therefore the Court finds it

unnecessary to invite Pinpoint to submit its own supplemental brief in response.

On September 14, 2011, Atlas filed for bankruptcy, automatically staying proceedings in this case. In re Atlas IT Export Corp., No. 11-07825-7 (Bankr. D.P.R. filed Sept. 14, 2011); see also 11 U.S.C. § 362(a). On September 15, 2011, defense counsel notified the Court by filing a suggestion of bankruptcy in this case. ECF No. 68. Later that same day, the Court entered an Order expressly staying all proceedings in this case. ECF No. 69.

On November 30, 2011, the bankruptcy court entered a minute order confirming that the automatic stay in Atlas's bankruptcy case did not extend to either of Pinpoint's motions insofar as they sought to recover an award of attorneys' fees and costs from defense counsel rather than Atlas itself. ECF No. 74 attach. 1. Pinpoint subsequently filed a motion to modify the stay imposed by this Court. ECF No. 73.

On January 18, 2012, the bankruptcy court entered a minute order partially lifting the automatic stay to permit this Court to rule on Pinpoint's motion for attorneys' fees and costs as against Atlas. ECF No. 83 attach. 1. Pinpoint subsequently filed a motion requesting a ruling on its motion for attorneys' fees and costs as against Atlas. ECF No. 83.

On April 18, 2012, this Court entered an Opinion and Order denying the motion to modify the stay imposed by the Court's Order

of September 15, 2011, but recognizing the rulings of the bankruptcy court and granting Pinpoint's motion for a ruling on its motion for attorneys' fees and costs. ECF No. 94; Pinpoint IT Servs., LLC v. Atlas IT Export Corp., No. 2:10cv516, 2012 WL 1354085 (E.D. Va. Apr. 18, 2012). In its decision, the Court implicitly held that the stay imposed by its earlier Order of September 15, 2011, does not extend to claims asserted directly against defense counsel.

The Court having so ruled, both motions seeking awards of attorneys' fees and costs are now ripe for decision.

## II. ANALYSIS

Although the plaintiff's two motions seek similar relief, each asserts a discrete claim for an award of attorneys' fees and costs.

### A. Rule 55(c) Motion for Attorneys' Fees and Costs

Pinpoint has moved for reimbursement of attorneys' fees and costs incurred in preparing its motion for default judgment, its response to Atlas's motion to set aside entry of default, and its motion to strike Atlas's untimely brief in opposition to the motion for default judgment. Altogether, Pinpoint seeks reimbursement of $55,731.50 in attorneys' fees and $136.09 in costs it asserts were incurred as a result of Atlas's failure to respond to the complaint.

In support of its motion, Pinpoint discusses several cases in which dilatory tactics were found to constitute bad faith conduct sufficient to justify the imposition of sanctions. See Am. Sci. &

Eng'g, Inc. v. Autoclear, LLC, 606 F. Supp. 2d 617 (E.D. Va. 2008); Carefirst of Md., Inc. v. First Care, P.C., 422 F. Supp. 2d 592 (E.D. Va. 2006); Blair v. Shenandoah Women's Ctr., Inc., 757 F.2d 1435 (E.D. Va. 1985). But the isolated and relatively brief delays at issue in this case simply do not rise to the same level as those presented in Autoclear, Blair, and Carefirst. In the absence of bad faith conduct, the Court FINDS no basis for imposing sanctions on defense counsel personally with respect to Atlas's failure to respond to the complaint.

Pinpoint's reliance on Lolatchy v. Arthur Murray, Inc., 816 F.2d 951 (4th Cir. 1987), and Wilcox v. Triple D Corp., 78 F.R.D. 5 (E.D. Va. 1978), however, is well taken. As the Lolatchy and Wilcox courts recognized, the Court's inherent power and the discretion granted to it by Rule 55(c) of the Federal Rules of Civil Procedure permit it to impose conditions on an order vacating a default, such as the reimbursement of reasonable attorneys' fees and costs incurred by the non-defaulting party as a result of the default and subsequent motion to set aside default. See Lolatchy, 816 F.2d at 953-54; Wilcox, 78 F.R.D. at 7; see also Littlefield v. Walt Flanagan & Co., 498 F.2d 1133, 1136 (10th Cir. 1974); Corso v. First Frontier Holdings, Inc., 205 F.R.D. 420, 421 (S.D.N.Y. 2001); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2700 (3d ed. 2012); 10 Robert M. Bloom, Moore's Federal Practice § 55.70[6] (3d ed. 2007).

In granting Atlas's motion to set aside default, the Court weighed six factors previously identified by the Fourth Circuit: "[(1)] whether the moving party has a meritorious defense, [(2)] whether it acts with reasonable promptness, [(3)] the personal responsibility of the defaulting party, [(4)] the prejudice to the party, [(5)] whether there is a history of dilatory action, and the [(6)] availability of sanctions less drastic." Pinpoint, 812 F. Supp. 2d at 723-24 (quoting Payne ex rel. Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). The Court found the first factor to be inconclusive, clearly favoring neither party. Id. at 726. It found that the second, fourth and sixth factors favored setting aside default, but the third and fifth factors favored denying the motion to set aside default. Id. at 726-28.

In considering the sixth factor, alternative sanctions less drastic than entry of default, the Court found that:

> Alternative sanctions less drastic than entry of default could be imposed to cure the Defendant's failure to respond. Neither party has suggested alternative sanctions, but the Court will certainly consider any suggestions that are brought before it, such as a motion for reimbursement of Plaintiff's costs associated with Plaintiff's motion to strike and Plaintiff's response to Defendant's motion to set aside default. See Lolatchy, 816 F.2d at 953 ("The attorney, for example, could have been charged with all costs and expenses attendant to delay, including attorneys' fees, or even held in contempt of court.").

Id. at 727-28.

While the Court did not expressly condition granting the defendant's Rule 55(c) motion on payment of attorneys' fees and costs incurred by the plaintiff, based on the close balance of the Payne factors[2] and the Court's specific invitation to the plaintiff to move for reimbursement of fees and costs, the Court now FINDS that "reimbursement of Plaintiff's costs associated with Plaintiff's motion to strike and Plaintiff's response to Defendant's motion to set aside default" was an implicit condition to the granting of the defendant's Rule 55(c) motion to set aside default.

The Court notes, however, that the Court's prior ruling did not mention reimbursement of fees and costs incurred by the plaintiff in preparing its motion for default judgment. The Court notes that the plaintiff did not file its motion for default judgment until after counsel for the defendant entered its appearance on December 20, 2010, at which time the plaintiff could have reasonably anticipated that a Rule 55(c) motion to set aside default was forthcoming, and that a motion for default judgment would be rendered moot if the Court vacated the Clerk's entry of default, as it ultimately did. Moreover, the Court notes that, based upon its review of the billing records submitted in support of the plaintiff's motion, time entries related to the motion for default judgment ap-

---

[2] In particular, the Court notes that, absent the sixth factor, the remaining factors appear to have been evenly matched. The availability of less drastic sanctions appears to have been a decisive factor in ruling that default should be vacated.

pear primarily to concern issues regarding damages and injunctive relief, the development of which would be necessary whether the case proceeded on the merits or in a default judgment posture. Therefore, the Court FINDS that reimbursement of costs associated with the plaintiff's motion for default judgment was not an implicit condition to the granting of the defendant's Rule 55(c) motion to set aside default.

Accordingly, the Court RECOMMENDS that the Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35) be GRANTED to the extent it seeks reimbursement from defendant Atlas of reasonable attorneys' fees and costs incurred by Pinpoint in connection with Plaintiff's Response to Defendant's Motion to Set Aside Default and to Change Venue (ECF No. 16) and Plaintiff's Motion to Strike Defendant's Memorandum in Opposition to Motion to Certify Entry of Default (ECF No. 18), that it be DENIED with respect to reimbursement of attorneys' fees and costs incurred by Pinpoint in connection with the Motion for Default Judgment and for Certification of Default Judgment as Final as to Counts I and III of the Complaint (ECF No. 13), and that it be DENIED with respect to reimbursement from defense counsel Whitaker personally.

### B. Reasonableness of the Attorneys' Fees and Costs Requested

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v.

Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008).

> The prevailing market rate may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of actual rates which counsel can command in the market.

Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987); see also Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986) (noting "customary" practice of submitting "affidavits from other area attorneys as evidence that [the] requested rates were within the market rates generally charged for similar services").

In analyzing the overall reasonableness of a fee request, the Fourth Circuit has instructed that a district court's discretion should be guided by the twelve factors first identified by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Robinson, 560 F.3d at 243. These so-called Johnson factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity

costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

The Court has considered the Johnson factors and the evidence submitted in support of the motion for reimbursement of attorneys' fees and costs. The hourly rates requested by the plaintiff's attorneys are reasonable in light of their experience and the complexity of the legal and factual questions involved in this case. The plaintiff has submitted fairly detailed billing records and a declaration by John C. Lynch, Esq., an experienced local attorney who has reviewed the billing records and agrees that the requested rates are "in every respect fair and reasonable for this case in this Court and in this geographic region." ECF No. 36 attach. 7. The defendant presented no evidence to the contrary.[3] The Court

---

[3] The Court acknowledges the representation of defense counsel in Atlas's supplemental brief that prevailing market rates in Puerto Rico are approximately half those requested in this motion. But the prevailing market rates in Puerto Rico are simply not relevant to the determination of reasonable rates for litigation pending before the Norfolk Division of the United States District Court for the Eastern District of Virginia.

has itself reviewed the billing records and finds the hours expended to be reasonable as well, subject to the following exceptions:

1. The billing records provided by Pinpoint establish that George H. Bowles, Esq., spent 5.3 hours in total reviewing Atlas's motion to set aside default and "formulat[ing] response," performing a task that is entirely redacted, speaking on the telephone with opposing counsel regarding a hearing request, and participating in drafting the motion to strike. The Court FINDS "formulate response" and the entirely redacted entry to be too vague and insufficient to support an award of fees for those particular tasks. Accordingly, the Court reduces Bowles's reimbursable time to a total of 2.0 hours at a rate of $380 per hour.

2. The billing records establish that Andrew J. Huige, Esq., spent 28.9 hours in total reviewing the motion to set aside default, conferencing with other attorneys, performing legal research, reviewing correspondence for use as fact exhibits, participating in drafting Pinpoint's response to the motion to set aside default, and participating in drafting the motion to strike. The Court FINDS various redacted tasks to be too vague and insufficient to support an award of fees for those particular tasks. The Court will further discount Huige's total hours for overconferencing. See Guckenberger v. Boston Univ., 8 F. Supp. 2d 91, 100-01 (D. Mass. 1998). Accordingly, the Court reduces Huige's reimbursable time to a total of 25.4 hours at a rate of $310 per hour.

3.  The billing records establish that Shane L. Smith, Esq., spent 61.8 hours in total reviewing the motion to set aside default, researching and analyzing legal issues, conferencing or corresponding with other attorneys, and drafting the response. The Court FINDS various redacted tasks to be too vague and insufficient to support an award of fees for those particular tasks. The Court will further discount Smith's total hours for overconferencing. See Guckenberger, 8 F. Supp. 2d at 100-01. The Court will also discount Smith's total hours to reflect compensation at a lower rate for clerical work, such as filing motion papers with the Court via CM/ECF. See Wuori v. Concannon, 551 F. Supp. 185, 195 (D. Me. 1982). Accordingly, the Court reduces Smith's reimbursable time to a total of 57.2 hours at a rate of $295 per hour.

4.  The billing records do not provide sufficient detail to identify the reason for the various expenses itemized in Exhibit 6, ECF No. 36 attach. 6. It is unclear to which of the three underlying motions, one of which has been disallowed, these expenses are associated, and it is unclear what necessitated each of the several FedEx, courier, and postage expenditures, particularly in this age of electronic case filing. Accordingly, the Court will not award any of the requested costs.

Based on all of the foregoing, the Court FINDS that an award of attorneys' fees in the amount of $25,508 is a reasonable award

and RECOMMENDS that the Court award that amount to the plaintiff, as against the defendant.

### C. **Motion for Sanctions Pursuant to 28 U.S.C. § 1927**

Pinpoint has moved for sanctions under 28 U.S.C. § 1927, seeking to recover fees and costs from defense counsel related to Pinpoint's defense of the Puerto Rico action. Specifically, Pinpoint requests that this Court sanction defense counsel Whitaker personally for filing a mirror-image lawsuit in the United States District Court for the District of Puerto Rico. Altogether, Pinpoint seeks reimbursement of $26,982.50 in attorneys' fees and $26.36 in costs it asserts were incurred in the defense of the Puerto Rico action.

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The purpose of the statute is to deter unnecessary delays in litigation." Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994) (internal quotation marks omitted). "Bad faith on the part of the attorney is a precondition to imposing fees under § 1927." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012).

The allegedly unreasonable and vexatious multiplication of proceedings at issue in the plaintiff's motion is exclusively concerned with the filing of mirror-image litigation in another federal district court. All of the misconduct alleged by the plaintiff in this motion took place in the United States District Court for the District of Puerto Rico, and it has had no direct impact on the litigation before this Court. Moreover, the Court notes that Whitaker, the attorney against whom sanctions are sought, is a member of the bar of that court, and has appeared in this case only on a pro hac vice basis, suggesting that any deterrent effect of § 1927 sanctions would be more effective if levied by the Puerto Rico court. The Court FINDS that the alleged misconduct occurred before another district court and should be punished by that court, rather than this one. See Healey v. Labgold, 271 F. Supp. 2d 303, 305 (D.D.C. 2003) ("While this court has inherent authority to sanction misbehavior by litigants in matters before it, no one has ever suggested that this inherent authority extends to misbehavior before another district court. Such behavior can and should be punished by that court if it sees fit."); see also Enmon v. Prospect Capital Corp., 675 F.3d 138, 144 (2d Cir. 2012) ("In practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under

the court's inherent power may be made against an attorney, a party, or both.") (alteration in original) (internal quotation marks omitted).

Accordingly, the Court RECOMMENDS that the Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 37) be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 35) be GRANTED in part and DENIED in part, and that the Court AWARD to the plaintiff reasonable attorneys' fees in the amount of $25,508 as against defendant Atlas IT Export Corp. The Court further RECOMMENDS that the Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF No. 37) be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 27, 2012

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to the following:

George H. Bowles, Esq.
Andrew J. Huige, Esq.
Shane L. Smith, Esq.
Sarah K. McConaughy, Esq.
  *Counsel for plaintiff Pinpoint IT Services, LLC*

Hector I. Hernandez, Sr., Esq.
140 Hughey Court
Fredericksburg, VA  22401

Jane Amy Becker Whitaker, Esq.
P.O. Box 9023914
San Juan, PR  00902-3914
  *Counsel for defendant Atlas IT Export Corp.*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

September 28, 2012