UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PINPOINT IT SERVICES, LLC,

        Plaintiff,

v.                                          CIVIL ACTION NO. 2:10cv516

ATLAS IT EXPORT CORP.,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Pinpoint Services, LLC's ("Plaintiff") objections to the United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended that this Court grant in part and deny in part Plaintiff's Motion for Attorneys' Fees and deny Plaintiff's Motion for Sanctions. Having completed a careful review of the R&R, this Court hereby **ADOPTS AND APPROVES** its findings and recommendations, as supplemented and amended by this Order. Accordingly, the Plaintiff's Motion for Attorneys' Fees and Costs ("Motion for Attorneys' Fees"), ECF No. 35, is **GRANTED** in part and **DENIED** in part and Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Motion for Sanctions"), ECF No. 37, is **TAKEN UNDER ADVISEMENT**.

### I.   FACTUAL AND PROCEDURAL HISTORY

The parties have filed no objections to the factual and procedural background as detailed in the R&R. Upon review of

such background, the Court finds no clear error. Therefore, the section of the R&R entitled "Background" is hereby adopted as an accurate statement of this case's factual and procedural history. Additionally, the Court finds that it is appropriate to supplement the factual and procedural history as to those relevant events that have occurred since the issuance of the Magistrate Judge's R&R.

On October 24, 2012, Plaintiff filed a motion with the Bankruptcy Court in Puerto Rico seeking relief from an automatic stay placed on the proceedings in the instant case on the ground that the second-filed action in the District Court of Puerto Rico was proceeding in violation of the "first-filed rule." Pinpoint IT Services, LLC v. Atlas IT Export, LLC (In re Atlas IT Export, LLC), BAP No. PR 12-090, slip op. at 2 (B.A.P. 1st Cir. Jan. 29, 2013). The "first-filed rule," although not without exception, directs that "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

The Bankruptcy Court denied Plaintiff's motion, stating that when a creditor is seeking relief to proceed in litigation, "the most important factor is the effect on the administration

2

of the estate." In re Atlas IT Export, LLC, BAP No. PR 12-090, slip op. at 2-3. On that point, the Bankruptcy Court found that lifting the stay in the Eastern District of Virginia would "interfere with the bankruptcy case" and would be "against judicial economy." Id. at 3.

Plaintiff appealed the ruling of the Bankruptcy Court to the United States Bankruptcy Appellate Panel for the First Circuit ("Bankruptcy Appellate Panel"). Id. On January 29, 2013, the Bankruptcy Appellate Panel determined that Plaintiff's appeal was interlocutory and, accordingly, dismissed the appeal for lack of jurisdiction. Id. at 6-7. Plaintiff has appealed this dismissal to the United States Court of Appeals for the First Circuit, where the now-completed briefing includes argument on the applicability of the "first-filed rule" to this case. Plaintiff's appeal remains pending at this time.

## II. STANDARD OF REVIEW

The scope of a magistrate judge's authority is defined by statute, and includes the ability to hear and determine two types of referrals from the district court. 28 U.S.C. § 636. The Supreme Court of the United States has held that a magistrate judge's authority concerning "nondispositive" pretrial matters is governed by § 636(b)(1)(A), while his authority over "dispositive" pretrial matters is set forth in § 636(b)(1)(B). See Gomez v. United States, 490 U.S. 858, 873-

74 (1989). Motions for attorneys' fees and sanctions may, in some circumstances, fall into the dispositive, § 636(b)(1)(B), category. See Reddick v. White, 456 F. App'x 191, 194 (4th Cir. 2011) (unpublished). Accordingly, and out of an abundance of caution, the Magistrate Judge determined that the appropriate course of action was to treat the motion as dispositive and to submit a report and recommendation to this Court.

For dispositive motions, a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). "[A]ny party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days after service. Id. § 636(b)(1). The district court is then required to make a de novo review of "those portions of the report . . . to which objection is made." Id. As to portions of the R&R not objected to, a district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

### III. DISCUSSION

In this case, Plaintiff filed three timely objections to the R&R. Plaintiff argues that the Magistrate Judge erred by

recommending that this Court: (1) deny Plaintiff's request for reimbursement of the attorneys' fees and costs incurred in the preparation of its Motion for Default Judgment; (2) grant reimbursement of only a percentage of Plaintiff's attorneys' fees and costs associated with the preparation of its Response to Defendant's Motion to Set Aside Default and to Change Venue (ECF No. 16) ("Motion to Set Aside Default") and its Motion to Strike Defendant's Memorandum in Opposition to the Motion to Certify Entry of Default (ECF No. 18) ("Motion to Strike"); and (3) deny Plaintiff's separate Motion for Sanctions under 28 U.S.C. § 1927, which sought reimbursement of the attorneys' fees expended to defend the suit brought by Defendant in the District Court of Puerto Rico.

## A. Objection to Recommended Denial of Attorneys' Fees for Plaintiff's Motion for Default Judgment

Plaintiff moved for reimbursement of the attorneys' fees and costs it incurred in preparing its Motion for Default Judgment, relying on several cases from this District that awarded such fees when dilatory tactics constituted bad faith conduct sufficient to justify the imposition of sanctions. ECF No. 99 at 7-8 (citing Blair v. Shenandoah Women's Ctr. Inc., 757 F.2d 1435 (4th Cir. 1985); Am. Sci. & Eng'g, Inc. v. Autoclear, LLC, 606 F. Supp. 2d 617 (E.D. Va. 2008); Carefirst of Md., Inc. v. First Care, P.C., 422 F. Supp. 2d 592 (E.D. Va. 2006)). The

5

R&R found that the alleged misconduct in the instant case, resulting in only "isolated and relatively brief delays," did not rise to the same level as the conduct in the three cases cited by Plaintiff. Id. at 8. Accordingly, the Magistrate Judge recommended that there is "no basis" for awarding Plaintiff's attorneys' fees against defense counsel personally. Id. The Plaintiff did not object to this recommendation. Finding no clear error, this Court **ADOPTS AND APPROVES** the same. The R&R did not address whether the alleged misconduct supported an award of attorneys' fees and costs against Defendant. Having considered the question de novo, in light of the cases cited in support of Plaintiff's motion, the Court finds that it does not, for the same reasons stated in the R&R with respect to the award sought against defense counsel personally.

Although Plaintiff relied on Defendant's and its counsel's alleged misconduct as the primary basis for seeking reimbursement of attorneys' fees and costs, it also cited one case recognizing the Court's inherent power and discretion, under Federal Rule of Civil Procedure 55(c), to impose conditions on an order setting aside default, such as the reimbursement of the reasonable attorneys' fees and costs incurred by the non-defaulting party. See ECF No. 36 at 4 (citing Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). The Magistrate Judge found that Plaintiff's

6

reliance on Lolatchy was well taken. ECF No. 99 at 8.

Reviewing this Court's Opinion and Order granting Defendant's

Motion to Set Aside Default, the Magistrate Judge found that, in

balancing the six factors set forth in Payne ex rel Clazada v.

Brake, 430 F.3d 198, 204-05 (4th Cir. 2006), and in inviting

Plaintiff to move for reimbursement of certain fees and costs,

this Court implicitly conditioned its grant of Defendant's

Motion to Set Aside Default on Defendant's reimbursement of

those fees and costs associated with Plaintiff's Motion to

Strike and its response to the Motion to Set Aside Default.

Defendant has not objected to this factual finding and, finding

no clear error, this Court adopts and approves the same.

Indeed:

> In determining whether to exercise its discretion to
> set aside a default, . . . a district court has
> inherent power to impose a reasonable condition on the
> [defendant] in order to avoid undue prejudice to the
> opposing party. . . . 'The imposition of conditions as
> part of granting a Rule 55(c) motion can be used to
> rectify any prejudice suffered by the nondefaulting
> party as a result of the default and the subsequent
> reopening of the litigation.'

Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001)

(quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay

Kane, Federal Practice and Procedure § 2699, at 169 (1998)).

Here, when setting aside default, this Court plainly stated that

it would "consider any suggestions that are brought before it,

such as a motion for reimbursement of Plaintiff's costs

associated with Plaintiff's motion to strike and Plaintiff's response to Defendant's motion to set aside default." ECF No. 33 at 37. However, as the R&R notes, this Court did not contemplate or invite reimbursement of the fees and costs associated with Plaintiff's Motion for Default Judgment. The Magistrate Judge concluded, accordingly, that reimbursement of such fees and costs was not an implicit condition of this Court's order setting aside default. Additionally, the Magistrate Judge noted that the Plaintiff did not file its Motion for Default Judgment until <u>after</u> defense counsel had made an appearance and that many of the billing entries associated with the Motion for Default were related to work that had to be completed regardless of whether the Defendant ever appeared. <u>Id.</u> at 10. For all of these reasons, the R&R recommended that this Court deny Plaintiff's Motion for Attorneys' Fees and Costs with respect to its Motion for Default Judgment.

Plaintiff objects only to the R&R's factual finding that the attorney for Defendant appeared on December 20, 2010, three days prior to the filing of the Motion for Default Judgment. ECF No. 100 at 5. Plaintiff correctly argues that the Defendant's Notice of Appearance was filed on December 23, 2010, the same day that Plaintiff moved for default judgment. <u>Id.</u> However, although local counsel's Notice of Appearance was not filed until December 23, 2010, counsel did file a motion on

8

December 20, 2010 seeking leave for counsel from Puerto Rico to appear pro hac vice. ECF No. 9. The Court granted this motion by Order entered on December 21, 2010. ECF No. 11. Counsel's pro hac vice motion and this Court's order granting that motion put Plaintiff's counsel on notice that a Notice of Appearance was imminently forthcoming and that Defendant would likely seek to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). Although Plaintiff counsel's decision to continue pursuing default judgment, despite such notice, may not have been an unreasonable exercise in zealous advocacy, such notice should have informed them that the attorneys' fees and costs associated with a subsequently filed motion for default judgment would not likely be awarded, were default later set aside.

Therefore, despite Plaintiff's factual objection, this Court agrees with the Magistrate Judge's finding (after de novo review of the same) that Plaintiff was aware of opposing counsel's involvement prior to filing the Motion for Default Judgment. Furthermore, the conclusion that Plaintiff was on notice is only one of the R&R's three bases for recommending that this Court deny reimbursement of the attorneys' fees and costs that Plaintiff incurred in preparing and filing the Motion for Default Judgment. The Court has reviewed the other two bases, to which Plaintiff did not object, and finds no clear

error in the same. Accordingly, Plaintiff's Motion for Attorneys' Fees is **DENIED** as to those fees relating to Plaintiff's Motion for Default Judgment.

**B. Objection to the Recommended Partial Denial of Attorneys' Fees**

In addition to those costs and fees associated with its Motion for Default Judgment, Plaintiff sought reimbursement of the fees and costs incurred in the preparation of its Motion to Strike and its Response to the Defendant's Motion to Set Aside Default. The R&R recommended granting fees associated with the latter filings, and Defendant did not object. The R&R further recommended, however, that none of the requested costs be awarded, finding that the itemized expenses were not attributed to a specific underlying motion and, further, that it was unclear what had necessitated the incursion of such costs (which were largely courier and postage expenses) in light of this Court's electronic case filing system. Plaintiff did not object to this recommended denial. Reviewing these recommendations, the Court finds no clear error in the same. Accordingly, Plaintiff's Motion for Attorneys' Fees is **GRANTED** as to those reasonable fees relating to Plaintiff's Motion to Strike and its Response to Defendant's Motion to Set Aside Default and **DENIED** with respect to all of the itemized costs requested.

Plaintiff claimed a total of ninety-six (96) hours related to the preparation of the relevant filings, which amounts to $29,204 in attorneys' fees. ECF No. 99 at 14-15. The Magistrate Judge found that the hourly rates applied were reasonable, but discounted the total number of recoverable hours by 11.4 hours due to vagueness, overconferencing, and the billing of clerical tasks. Id. Accordingly, the R&R recommended granting fees in the amount of $25,508. Id. Plaintiff objects to the vagueness finding only and asks this Court to award the full amount of attorneys' fees requested in Plaintiff's original motion. ECF No. 100 at 6.

On de novo review, this Court agrees with the Magistrate Judge's recommendation. The R&R properly stated that, although a district court has broad discretion to decide the reasonableness of attorneys' fees, the United States Court of Appeals for the Fourth Circuit requires that the district judge consider twelve factors when addressing the issue of reasonableness. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). In analyzing the reasonableness of the fees sought and discounting the same, the Magistrate Judge thoroughly and correctly analyzed the twelve Johnson factors, as they apply to the record before the Court. ECF No. 99 at 13. A de novo review confirms that the hours

11

submitted by the Plaintiff were properly discounted for vagueness, and the Court finds no clear error in the R&R's recommendation to further discount the total number of hours for overconferencing and the billing of clerical tasks. Accordingly, the R&R appropriately determined the fee award, and Plaintiff's Motion for Attorneys' Fees is **GRANTED** in the amount of $25,508.

**C. Objection to the Recommended Denial of § 1927 Sanctions**

Plaintiff, in a separate motion, sought sanctions against defense counsel pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings by filing the second action in the District Court of Puerto Rico. ECF No. 37. This Motion and the Motion for Attorneys' Fees were initially referred to the Magistrate Judge and then considered together pursuant to this Court's Opinion and Order entered on April 18, 2012. ECF No. 94 at 7 & n.3. The Magistrate Judge recommended that the Court exercise its discretion to deny sanctions under § 1927 because the alleged misconduct occurred before the District Court of Puerto Rico and not this Court. Plaintiff objects to this recommendation, arguing that this Court has inherent authority to sanction conduct occurring before another tribunal. ECF No. 100 at 7-8.

Title 28, United States Code, Section 1927 allows a federal district court, within the bounds of its discretion, to sanction attorneys who "unreasonably and vexatiously" multiply judicial

12

proceedings. 28 U.S.C. § 1927. The Fourth Circuit has found bad faith "a precondition to imposing fees under § 1927." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012).

Here, the Court recognizes that, based upon the factual and procedural history of this case, it has the authority to sanction Defendant's counsel under § 1927. At this time, however, the Court finds it prudent to withhold determining whether sanctions under § 1927 are appropriate until the First Circuit has resolved the question of whether this action should remain stayed or should proceed in light of the "first-filed rule." Accordingly, the Court **TAKES UNDER ADVISEMENT** Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927, pending the outcome of the appeal currently pending before the First Circuit. The Court notes, however, that its decision to take Plaintiff's motion under advisement does not impact the District Court of Puerto Rico's authority and discretion to sanction any alleged bad faith conduct as it sees fit.

## IV. CONCLUSION

The Court, having reviewed the record, considered the objections filed by Plaintiff, reviewed the R&R for clear error, and made de novo findings with respect to the portions objected to, does hereby **ADOPT AND APPROVE** the findings and recommendations set forth in the Report and Recommendation of

the United States Magistrate Judge, as supplemented and amended by this Order.

For the reasons stated above, this Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorneys' Fees and **TAKES UNDER ADVISEMENT** Plaintiff's Motion for Sanctions. Accordingly, Defendant is **ORDERED** to pay Plaintiff $25,508 in attorneys' fees.

The Clerk is directed to send a copy of this Order to all counsel of record.

**It is so ORDERED.**

_____
/s/
Mark S. Davis
United States District Judge

Norfolk, Virginia
July 25 , 2013